UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| CHRISTY SCHMIDT,<br><br>    Plaintiff,<br><br>v.<br><br>ABSOLUTE RESOLUTIONS INVESTMENTS, LLC; ATKINS & OGLE LAW OFFICES, LC; ICON EQUITIES, LLC<br><br>    Defendants. | Case No. 3:21-cv-134<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  1. FDCPA, 15 U.S.C. § 1692<br><br>  (Unlawful Debt Collection Practices) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Christy Schmidt ("Plaintiff"), through her attorneys, alleges the following against Absolute Resolutions Investments, LLC ("Absolute"); Atkins & Ogle Law Offices, LC ("A&O"); and Icon Equities, LLC ("Icon"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

**JURISDICTION AND VENUE**

2. Jurisdiction of the court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692 and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the

events or omissions giving rise to the claim occurred in this District.

4. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in Dayton, Montgomery County, Ohio. Plaintiff's married name (since 2016) is Christy Schmidt; Plaintiff's maiden name was Christy Ashley.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant Absolute is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Absolute's principal place of business in Bloomington, MN. Absolute can be served with process through its designated agent, URS Agents Inc., at 4568 Mayfield Rd., Ste 204, Cleveland, OH 44121.

8. Defendant A&O regularly performs debt collection activities for its clients, and therefore is a "debt collector" as defined by 15 U.S.C. § 1692a(6). A&O's principal place of business is located in Buffalo, WV. A&O can be served with process through its designated agent, James Atkins at 105 River Vista Drive, Buffalo, WV 25033.

9. Defendant Icon is a purchaser of non-performing debt. Icon regularly attempts to collect debt, directly or indirectly and thus, is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Icon's principal place of business is located at 8000 Norman Center Dr Ste 350, Bloomington, MN 55437. Icon can be served with process through its designated agent at 330 2nd Avenue South, Suite 150 Minneapolis, 55401.

10. Defendants acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff purchased her current house located at 5349 Rawlings Dr., Dayton, Ohio 45432, in November of 2013 (as officially recorded in the Montgomery County public record) and has lived there ever since.

12. Prior to moving to Dayton, Plaintiff lived in Springfield, Ohio at 1511 W. Pleasant St., Springfield, OH 45506, a house she sold in 2011, which was recorded in the Clark County public record.

13. In or around 2016-2017, Plaintiff opened a Citibank card (account number ending in 5683) that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

14. At the time Plaintiff opened her Citibank account, she lived on Rawlings Dr. in Dayton, Ohio, where she still resides.

15. On or about June 28, 2019, Plaintiff received a letter from Citibank, sent to her current Rawlings address in Dayton, stating the alleged debt was sold by Citibank to Defendant Icon and was therefore "no longer owned by Citi."

16. Upon information and belief, Defendant Icon subsequently assigned the debt to Defendant Absolute for collection.

17. Defendant Absolute subsequently retained Defendant A&O to pursue Plaintiff for collection of the alleged debt.

18. On or about September 10, 2019, Plaintiff received a collection letter mailed **from Defendant A&O** to her correct Rawlings address in the city of Dayton in **Montgomery County**, where Plaintiff has lived since 2013.

19. The letter from A&O stated that the claim of $3,806.28 had been referred to A&O for collection.

20. The A&O letter also stated the purpose of the letter was "to notify [Plaintiff] that this firm was retained to represent Absolute Resolutions Investments, LLC assignee of Citibank, N.A. to file a claim against [Plaintiff] for the balance owing on [her] account."

21. A&O falsely stated that Defendant Absolute is an "assignee of Citibank." Citibank sold the alleged debt to Icon investments, according to Citibank's June 28, 2019 letter to Plaintiff. Absolute is an assignee of Icon Investments, but not an assignee of Citibank.

22. Unbeknownst to Plaintiff, on or about September 17, 2020, Defendant Absolute, through representation by Defendant A&O, filed suit against Plaintiff in the Municipal Court of **Clark County**, Ohio, where Plaintiff had not lived since 2011.

23. At the time Defendants filed suit against Plaintiff in Clark County, Defendants had actual knowledge that Plaintiff actually resided in Montgomery County.

24. Despite possessing Plaintiff's current residential address located in Montgomery County, Defendants identified on their Complaint an old address of Plaintiff located in the city of Springfield in Clark County where she had not lived since 2011.

25. According to Court documents, on or about September 24, 2020, Defendants' suit was served at Plaintiff's old residence located in Springfield. Plaintiff therefore was not properly served and had **no knowledge** of Defendants' lawsuit.

26. Defendants represented to the Clark County Court that Plaintiff had been properly served the summons and complaint, when she had not.

27. In the complaint, Defendants also falsely list the plaintiff as "Absolute Resolutions

- 4 -
COMPLAINT AND DEMAND FOR JURY TRIAL

Investments, LLC, Assignee of Icon Equities, LLC, *Assignee of Citibank, N.A.* c/o Atkins & Ogle Law Offices, LC."

28. On or about October 29, 2020, Default judgment was entered against Plaintiff in the Municipal Court of Clark County, Ohio for failure to appear.

29. Defendants subsequently filed a Motion for Default Judgment against Plaintiff.

30. Defendants attached to the Motion for Default a Certificate of Service indicating that Plaintiff was served a copy of the Motion for Default Judgment on October 27, 2020. Defendants again indicated that Plaintiff was served at her old residence located in Springfield, Ohio, which was sold by Plaintiff in 2011, long before she even opened the Citibank account.

31. On or about March 29, 2021, Clark County Municipal Court authorized Defendants to begin garnishing Plaintiff's wages, up to an amount of $4,096.37.

32. Defendants then notified Plaintiff's employer that they were authorized to garnish Plaintiff's wages.

33. The very first time Plaintiff had any knowledge of Defendants' lawsuit was in April 2021, after Plaintiff was informed by her employer's Human Resources Department that her wages were to be garnished by Defendants.

34. Out of fear, embarrassment, and humiliation, Plaintiff contacted Defendants and paid the alleged debt in full.

35. Paying the full amount of the debt depleted the entire savings Plaintiff and her husband had managed to build, under great difficulty during the Covid-19 pandemic, in case of a family emergency.

36. As a direct result of the conduct by Defendants, Plaintiff suffers damages, including humiliation at her employer due to the improper garnishment of her wages, anxiety over now having no emergency savings, and deep embarrassment about the public record of an improper judgment and garnishment in her name.

37. Upon information and belief, Defendants had actual knowledge that Plaintiff did not reside in Clark County when it filed suit against her, that Plaintiff would not be properly served, and therefore knew that a default judgment would be entered against Plaintiff.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692)

38. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

39. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

   a. Defendants violated 15 U.S.C. § 1692i(a)(2), by initiating a legal action against Plaintiff in a location other than where Plaintiff resided at the commencement of the action;

   b. Defendants violated 15 U.S.C. § 1692e(10), by employing false and deceptive means to collect a debt;

   c. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect a debt.

   d. Defendant Absolute violated 15 U.S.C. § 1692e(14) by its use of any business, company, or organization name other than the true name of the debt

collector's business, company, or organization; Defendant Absolute purported to be an Assignee of Citibank, N.A. when it was not.

40. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Christy Schmidt respectfully requests judgment be entered against Defendants, Absolute Resolutions Investments, LLC; Atkins & Ogle Law Offices, LC; and Icon Equities, LLC, for the following:

A. Declaratory judgment that Defendants violated the FDCPA;

B. Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3)

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

F. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: April 28, 2021

                                                *s/Peter Cozmyk*
Peter Cozmyk (#0078862)
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd., Suite 200
Independence, OH 44131
P: (877) 570-4440
F: (216) 485-2125
E: pcozmyk@cozmyklaw.com